OPINION OF THE COURT
Julian A. Hertz, J.
The defendants have moved for dismissal of the charge of petit larceny (Penal Law, § 155.25) on the ground that Consolidated Rail Corporation (Con Rail) may not, as a matter of law, act as the complainant in this prosecution. Defendants are three Con Rail employees who allegedly entered a railroad car situated at Hunts Point Market and stole four cases of broccoli and five cases of artichokes valued at $156. The goods had *635 been shipped by Con Rail and were to be unloaded at Hunts Point by the owner-consignee, M. Singer’s Sons Corporation.
Under the Penal Law, a person steals property and commits the crime of larceny when, "with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof’ (Penal Law, § 155.05, subd 1). An owner is defined as "any person who has a right to possession thereof superior to that of the taker, obtainer or withholder” (Penal Law, § 155.00, subd 5).
It is the defendants’ position that Con Rail, as the shipper of the goods, is not the owner and therefore cannot be the complainant in a prosecution for larceny.
Con Rail is the carrier and shipper of the property in question. It is legally responsible for the protection and safe delivery of the property from the moment of acceptance until delivery.* Con Rail is liable as a common carrier for the delivery of freight received by it to be transported by it (Railroad Law, § 70). Notably, in recognition of its duties and liability, Con Rail employs a security force to ensure protection of its operations.
It is a cornerstone underlying the theory of larceny that "ownership” of property may include possessory rights. A person with a legally recognizable interest in property may and often has possessory rights. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.00, p 104; Phelps v People, 72 NY 334.) Ownership, therefore, is a broad concept. Even a person who has himself stolen property has a right of possession superior to that of a third person who wrongfully takes it from him (McKinney’s Practice Commentaries, supra, p 104).
This court holds that Con Rail, by virtue of its legally imposed responsibility and liability towards M. Singer’s Sons Corp. for the property being shipped, has a legally recognizable interest in the property and qualifies as an owner under the larceny statute. (See, also, People v Steinberger, 89 Misc 2d 419.)
In addition, an issue has been tendered asserting the defendants’ right to dismissal of the charge of criminal trespass. *636 The gravamen of the defendants’ argument lies in the contention that the defendants were employees of Con Rail, and as such, could not trespass where they had a right to be.
It is credited as true that the defendants have rights as employees, to be present on property at the Hunts Point Market Terminal for purposes connected with their jobs as car inspectors and clerk, respectively. However, merely being an employee, as a general proposition, does not give carte blanche to do what is not assigned or what is outside the scope of the person’s normal duties and functions.
Supporting this view of the law pertaining to limitations on authority, this court analogizes this situation to general agency principles. (See 2 NY Jur, Agency, § 3.) While the words "agent” and "servant” are not wholly synonymous, they both express the idea of service to another under an expressed or an implied agreement. An agent is employed by a principal, and represents him as well. The servant simply acts for the principal, and usually according to his directions and without any discretion. Also under agency law, a principal has the unqualified right, as between himself and the agent, to limit the agent’s authority and invest him with restricted powers (2 NY Jur, Agency, § 78).
Similarly, in this situation, Con Rail has the right to define and limit the functions and duties of its employees in their normal course of business. They are restricted as such, and are not permitted to act outside the scope of their employment. It is, therefore, a question for the jury to determine the limits of the authority of the defendants, and to decide whether the facts justify the claim that the defendants had knowingly entered or remained unlawfully on the real property which was fenced in, or otherwise enclosed in a manner designed to exclude intruders.
All motions to dismiss are denied.

 The alleged fact that the goods were transported in a boxcar owned by Southern Pacific Fruit Express is impertinent to the issue of standing of the common carrier appearing here.